106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL TRADE COMMISSION, Plaintiff-Appellee,
v.
PUBLISHING CLEARING HOUSE, INC., a corporation, dba
Publishing Clearing House and the Clearing House, Defendant,
and
Lorin Martin, aka Lori Martin, individually and as an
officer of said corporation; Raymond Reed,
Defendants-Appellants.
 No. 95-16018.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 10, 1996.*
Decided Jan. 15, 1997.
 
 Before: FLETCHER, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lorin Martin ("Martin"), aka Lori Martin, and Raymond Reed ("Reed") timely appeal the district court's order granting summary judgment in favor of the Federal Trade Commission.[1] We review the district court's summary judgment order de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Bagdadi, 84 F.3d at 1197. Once the FTC has made a prima facie case for summary judgment, the defendants cannot rely on general denials; they must produce significant probative evidence that demonstrates that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 256-57 (1986). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * THE KNOWLEDGE OF REED
 
 
 4
 Reed argues that he cannot be held individually liable for misrepresentations made by solicitors at the Publishing Clearing House ("PCH") because he did not have the "requisite knowledge" of those misrepresentations. This argument does not create a genuine issue of material fact that can defeat summary judgment.
 
 
 5
 Reed admits that he worked as a telephone solicitor for PCH and read the script prepared by PCH "word for word." Reed does not contest the district court's conclusion that the script contained several material misrepresentations. Instead, Reed argues that he cannot be held personally liable because he did not participate in the business affairs of PCH. This argument does not prevent summary judgment or Reed's personal liability.
 
 
 6
 Reed's direct participation in deceptive acts is sufficient to hold him personally liable for restitution to victims he solicited. Salesmen like Reed have been ordered to pay restitution for their roles in engaging in deceptive sales practices. See, e.g., FTC v. Figgie Int'l, Inc., 994 F.2d 595, 607 (9th Cir.1993) (citing with approval Gordon v. Burr, 506 F.2d 1080, 1085 (2d Cir.1974), holding a salesman liable for his individual role), cert. denied, 510 U.S. 1110 (1994); FTC v. Sharp, 782 F.Supp. 1445 (D.Nevada 1991).
 
 
 7
 The FTCA contains no requirement that the FTC prove that Reed intended to defraud consumers. Reed was faced with a facially deceptive sales script that he followed word for word and had used virtually the same script as a solicitor at the National Clearing House, another telemarketing operation, before it was closed following a criminal fraud investigation. There was also evidence that Reed had previously worked at other telemarketing companies that had been closed due to their deceptive activities. Reed's statement in his affidavit that he did not intend to defraud consumers is insufficient to defeat summary judgment or the district court's restitution order.
 
 II
 THE PREPARATION OF THE SALES SCRIPTS
 
 8
 In the last paragraph of the appellants' opening brief, Martin and Reed argue that "a genuine issue of fact exists as to whether Appellants Martin and Reed wrote or prepared scripts used to make misrepresentations by various salespersons of PCH." Martin and Reed are apparently attempting to argue that if they did not write the sales scripts used by PCH solicitors, they did not have the requisite knowledge that PCH was engaging in deceptive sales practices. The FTC's evidence of knowledge, however, did not depend on who wrote the sales scripts, and the district court did not rely on such evidence in granting summary judgment. The resolution of this issue is, quite simply, irrelevant to the district court's conclusion.
 
 CONCLUSION
 
 9
 After carefully reviewing the record in this case and considering all of Reed's arguments on appeal, we AFFIRM the district court's order granting summary judgment in favor of the FTC against Reed. On the issue of the preparation of the sales scripts raised by Martin, the district court is AFFIRMED.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Other issues raised by Martin are addressed in an opinion issued contemporaneously